The State of Ohio, Appellant, *v.* Palmer, Appellee.

[Cite as *State v. Palmer,* 112 Ohio St.3d 457, 2007-Ohio-374.]

(Nos. 2006–0022 and 2006–0370—Submitted November
29, 2006—Decided February 14, 2007.)

Moyer, C.J.

{¶ 1} The Eleventh District Court of Appeals has certified this case as a conflict pursuant to Section 3(B)(4), Article IV, Ohio Constitution and App.R. 25.

It found its judgment to be in conflict with the judgment of the Ninth District Court of Appeals in *State v. Larsen* (Mar. 22, 1995), Medina App. No. 2363–M, 1995 WL 125577. The certified question is: "Whether a defendant's failure to timely respond to the State's request for reciprocal discovery is a period of delay occasioned by the 'neglect' or 'improper act' of the defendant that tolls the speedy trial time pursuant to R.C. 2945.72(D), even in the absence of a Crim.R. 16 demand for discovery."

{¶ 2} Eric L. Palmer, defendant-appellee, was arrested and jailed on March 11, 2004. He was subsequently indicted on multiple felony charges.

{¶ 3} On April 28, 2004, 48 days after his arrest, Palmer served a written demand for discovery on the prosecutor and a request for a bill of particulars. The state responded to the defendant's discovery request five days later on May 3, 2004, by providing the defendant with a list of witnesses it intended to call. On May 3, 2004, the state also served a motion requesting that the defendant provide reciprocal discovery of evidence and witnesses the defendant intended to present at trial.

{¶ 4} Palmer responded to the state's reciprocal discovery response on July 2, 2004, advising the state that he did not intend to introduce any tangible documents, exams, or tests at trial and that he did not have additional witnesses to disclose other than those previously identified by the state. The defendant stated that "[a]ny additions to the discovery provided herein will be seasonably supplemented." The period between the state's request for reciprocal discovery and the defendant's response totaled 60 days.

{¶ 5} One week before the scheduled trial date of July 13, 2004, and 117 calendar days from his arrest, Palmer moved for dismissal of the charges pending against him, asserting that he had not been tried within the time limits established by the speedy-trial statute, R.C. 2945.71. Palmer conceded that the state was entitled to deduct the time between Palmer's request for discovery and the state's response to that request, which was five days. On March 19, Palmer signed a waiver of his speedy-trial rights with regard to his preliminary hearing, and the parties agree that by doing so, he waived seven days, as well as an additional five days due to the filing of his discovery motion. Palmer asserted, however, that he had been incarcerated in excess of the 90 days permitted by the statute.

{¶ 6} The state urged the trial court to deny the motion to dismiss, citing *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159. The syllabus to that case provides: "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)."

{¶ 7} The trial court observed, however, that the state had not yet provided the defendant with the bill of particulars to which he was entitled. On that apparent

basis, it did not credit the state with any of the 60 days during which the bill of particulars had been pending.[1] The court instead held that "the reciprocal demand for discovery [made of Palmer by the state] tolled time, which would add an additional thirty (30) days" of credit against the running of the statutory time. Having credited the state with 30 days of the 60 days that had expired between the state's request for reciprocal discovery and Palmer's response, the trial court found Palmer's trial date of July 13 to be within the 90–day time required by R.C. 2945.71(E). It therefore rejected Palmer's argument that he was entitled to discharge based on expiration of the statutory speedy-trial time.

{¶ 8} Palmer entered a no-contest plea and was convicted and sentenced.

{¶ 9} On appeal, the Court of Appeals for Portage County reversed Palmer's conviction. It observed that the state had failed to file a motion to compel a response to its reciprocal discovery request pursuant to Crim.R. 16(C) and had not demonstrated that it was prejudiced in prosecuting its case by Palmer's neglect of his duty to provide that discovery. The court of appeals found those deficiencies fatal to the state's claim that Palmer's neglect in providing reciprocal discovery tolled the running of speedy-trial time.

{¶ 10} The parties disagree as to whether any time that passed between the state's May 3 request for reciprocal discovery and Palmer's response on July 2, a period of 60 days, should be counted in calculating the speedy-trial period.

{¶ 11} Several principles governing application of the speedy-trial statutes, R.C. 2945.71 to 2945.73, are well established. As we recently observed, "[s]peedy-trial provisions are mandatory, and, pursuant to R.C. 2945.73(B), a person not brought to trial within the relevant time constraints 'shall be discharged,' and further criminal proceedings based on the same conduct are barred. R.C. 2945.72(D). A person charged with a felony shall be brought to trial within 270 days of the date of arrest. R.C. 2945.71(C)(2). If that person is held in jail in lieu of bail, then each day of custody is to be counted as three days. R.C. 2945.71(E)." *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 7.

{¶ 12} R.C. 2945.72 states circumstances that justify an extension of statutory speedy-trial time. Specifically, R.C. 2945.72 provides as follows:

{¶ 13} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

---

1. The state does not challenge in this court the trial court's refusal to credit the state with any time for the delay caused by Palmer's request for a bill of particulars. The trial court apparently refused on the basis that the state had not yet responded to Palmer's request two and one half months after it was filed.

{¶ 14} "* * *

{¶ 15} "(D) Any period of delay occasioned by the neglect or improper act of the accused."

{¶ 16} Crim.R. 16 governs discovery and inspection in criminal cases and provides that "[u]pon written request each party *shall forthwith provide* the discovery herein allowed." (Emphasis added.) Crim.R. 16(A). The rule does not specifically establish a more definite time within which the parties must respond. Pursuant to Crim.R. 16,[2] either the state or the defense may move the court to order discovery. See Crim.R. 16(B)(1)(a) (defense) and (C)(1)(a) (prosecution).

{¶ 17} We reaffirm our statement of purpose, issued nearly 20 years ago, in support of Crim.R. 16, in *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138. We held that the filing of a motion to compel discovery is not a prerequisite to the imposition of sanctions pursuant to Crim.R. 16. Id. at paragraph one of the syllabus. The court observed:

{¶ 18} "This holding is consistent with the purpose of the discovery rules. As this court stated in *State v. Howard* (1978), 56 Ohio St.2d 328, 333, 10 O.O.3d 448, 451, 383 N.E.2d 912, 915, '[t]he philosophy of the Criminal Rules is to remove the element of gamesmanship from a trial.' The purpose of discovery rules is to prevent surprise and the secreting of evidence favorable to one party. The overall purpose is to produce a fair trial. *State v. Mitchell* (1975), 47 Ohio App.2d 61, 80, 1 O.O.3d 181, 192, 352 N.E.2d 636, 648.

{¶ 19} "In order to accomplish these purposes, Crim.R. 16 contemplates an informal step—that being the demand or written request for discovery of one party upon another party. It does not require court intervention. However, *the fact that the court is not involved does not diminish the duty of the parties to comply with the rules* at that point in the discovery process. As we have observed, Crim.R. 16(A) states: 'Upon written request each party *shall* forthwith provide the discovery herein allowed. * * *' (Emphasis added.) The word 'shall' has been consistently interpreted to make mandatory the provision in which it is contained, absent a clear and unequivocal intent that it receive a construction other than its ordinary meaning. *Dorrian v. Scioto Conservation Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834, paragraph one of the syllabus. *The rule does not grant discretion to a party to ignore a request of*

---

2. Crim.R. 16(B)(1)(a) provides: "Upon motion of the defendant, the court shall order the prosecuting attorney to permit" certain categories of discovery. Similarly, Crim.R. 16(C)(1)(a) provides for reciprocal discovery of the defendant by the state: "If on request or motion the defendant obtains discovery [of documents and tangible objects] under subsection (B)(1)(c), the court shall, upon motion of the prosecuting attorney order the defendant to permit the prosecuting attorney" to inspect and copy certain material in the defendant's possession or control.

*an opposing party until a court orders compliance.* The provisions of Crim.R. 16 which permit the court to order compliance are triggered when a party fails to comply completely with a request or there is some confusion or disagreement as to what is discoverable. To this end, Crim.R. 16(B) and (C) specify the documents and tangible objects, reports of examinations, statements of the defendant, and other discoverable materials. These sections further outline the proceedings which a court may conduct to determine what information is subject to discovery. *The presence of these sections does not lessen the mandatory duty of a party to comply with a discovery request.* Most importantly, these sections do not in any way limit the authority of the trial court to impose sanctions for noncompliance." (Emphasis added in part.) *Lakewood,* 32 Ohio St.3d at 3–4, 511 N.E.2d 1138.

{¶ 20} Crim.R. 16 is clearly worded. Lawyers should not expect that the routine, mandatory duty of "forthwith" providing discovery is dependent upon prodding by a court. We recognize that application of the speedy-trial statutes is entirely distinct from the authority of the trial court under Crim.R. 16 to impose sanctions for noncompliance with discovery obligations. Nevertheless, our precedent governing application of Crim.R. 16 clearly justifies the conclusion that a defendant who does not respond in a timely manner to a prosecutor's request for reciprocal discovery is responsible for neglect as that term is used in R.C. 2945.72(D).

{¶ 21} We agree with the state's argument that it need not show that it was prejudiced by Palmer's failure to promptly respond to its reciprocal discovery request in order to be entitled to an extension of speedy-trial time. R.C. 2945.72(D) does not condition an extension of time upon a showing of prejudice.

{¶ 22} Moreover, this court rejected a similar argument in *Sanchez,* 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283. We there held that the state need not demonstrate that a motion in limine filed by a defendant diverted the prosecutor's attention or caused a delay in the proceedings in order that speedy-trial time be tolled pursuant to R.C. 2945.72(E): "It is the filing of the motion itself, the timing of which the defense can control, that provides the state with an extension. R.C. 2945.72(E) implicitly recognizes that when a motion is filed by defendant, there is a 'period of delay necessitated'—at the very least, for a reasonable time until the motion is responded to and ruled upon." Id. at ¶ 26. Similarly, it is the fact of neglect of a duty owed by the defendant that tolls speedy-trial time pursuant to R.C. 2945.72(D).

{¶ 23} In the case at bar, the trial court held, in effect, that it was reasonable to allow the defendant 30 days to provide its response to the state's request for reciprocal discovery and that thereafter the defendant was in neglect of its duty to respond. Palmer ultimately provided the state with a response to its discovery

request revealing that he simply had nothing to disclose and acknowledging his duty under Crim.R. 16(D) to supplement his response should that circumstance change. That response clearly could have been prepared and served much earlier than 60 days after it was requested, and it was neglect on the part of Palmer not to have done so. The trial court therefore did not abuse its discretion in tolling the running of speedy-trial time after 30 days had passed from service of the state's request.

{¶ 24} We conclude that a defendant's failure to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D). Having so concluded, we answer the certified question in the affirmative by holding that the tolling of statutory speedy-trial time based on a defendant's neglect in failing to respond within a reasonable time to a prosecution request for discovery is not dependent upon the filing of a motion to compel discovery by the prosecution. In addition, we hold that a trial court shall determine the date by which the defendant should reasonably have responded to a reciprocal discovery request based on the totality of facts and circumstances of the case, including the time established for response by local rule, if applicable.

{¶ 25} For the foregoing reasons the judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

Judgment reversed.

ABELE, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

LANZINGER, J., concurs in judgment only.

PETER B. ABELE, J., of the Fourth Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

---

Victor V. Vigluicci, Portage County Prosecuting Attorney, and Pamela J. Holder, Assistant Prosecuting Attorney, for appellant.

Stephen C. Lawson, for appellee.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, and Erik J. Clark, Assistant Solicitor, urging reversal for amicus curiae, Attorney General of Ohio.