[Cite as *In re D.S.*, 2012-Ohio-2213.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97757

## IN RE: D.S.
## A Minor Child

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Court Division
Case No. DL-09119366

BEFORE:    Jones, P.J., S. Gallagher, J., and Keough, J.

RELEASED AND JOURNALIZED:    May 17, 2012

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY: Sheryl A. Trzaska
      Laura E. Austen
Assistant State Public Defenders
250 East Broad Street
Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Milko Cecez
Assistant County Prosecutor
Juvenile Division
2210 Cedar Road, 3rd Floor
Cleveland, Ohio 44115

         and

Brian R. Radigan
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} D.S., a juvenile, appeals his delinquency adjudication, rendered after a bench trial. We reverse and remand for D.S.'s discharge.

## I. Procedural History

{¶2} On October 20, 2009, a delinquency complaint was filed against then 16-year old D.S. The complaint charged one count of murder with one- and three-year firearm specifications. In January 2010, the state filed a motion requesting the juvenile court to relinquish jurisdiction over the prosecution of the case. In April 2010, the juvenile court denied the state's motion. On May 4, 2010, the state filed a notice of intent to seek a serious youthful offender ("SYO") dispositional sentence.

{¶3} On May 28, 2010, a grand jury indicted D.S. as a SYO, charging him with one count of murder, two counts of attempted felonious assault, and two counts of felonious assault. All the charges contained one- and three-year firearm specifications. In July 2010, D.S. waived his right to a jury trial, and on August 16, 2010, the case proceeded to a bench trial. The trial court found D.S. delinquent of all charges and specifications.

{¶4} The trial court imposed a juvenile disposition for murder and committed D.S. to the department of youth services ("DYS") until his 21st birthday. For the SYO portion of his sentence, the trial court imposed a 15-year-to-life adult prison term and a three-year firearm specification for murder; two one-year prison terms with two

three-year firearm specifications for each of the attempted felonious assault charges; and two two-year prison terms with two three-year firearm specifications for each of the felonious assault charges. The trial court ordered that the terms for the underlying charges be served concurrently, but that the firearm specifications be served consecutively to each other and prior to the terms on the underlying charges. The trial court stayed the adult portion of D.S.'s sentence on the condition of his successful completion of the juvenile disposition.

{¶5} D.S. appealed, but this court dismissed the appeal for lack of a final, appealable order and remanded the case "with instructions to expeditiously enter disposition on all counts of delinquency pursuant to Juv.R. 29." *In re D.S.*, 8th Dist. No. 95803, 2011-Ohio-5250, ¶ 1.[1]

{¶6} On remand, the trial court conducted another dispositional hearing and ordered D.S. to serve concurrent DYS commitments of a minimum of one year, maximum until his 21st birthday, with one-year firearm specifications for the felonious assault charges. The trial court further ordered that the two counts of attempted felonious assault and the attendant firearm specifications merge with the felonious assault charges as allied offenses.

{¶7} D.S. has appealed again and for his first assignment of error contends that his right to a speedy trial was violated and his trial attorney was ineffective for failing to file

---

[1]This court found that the juvenile court's "'blanket' juvenile disposition for murder did not cover D.S.'s four assault adjudications with firearm specifications, as they were not addressed in the dispositional hearing or journal entry." *Id.* at ¶ 11.

a motion to dismiss on that ground. We agree and dispose of the appeal on this assignment of error.

## II. Law and Analysis

**{¶8}** We initially address the state's contention that, because D.S. did not challenge his right to a speedy trial at the trial court level, the proper procedure would be for him to file a postconviction relief petition alleging ineffective assistance of counsel so that both parties "could develop the issue of whether tolling occurred." The state cites *State v. Vance*, 5th Dist. Nos. 2003CA0041 and 2003CA0030, 2004-Ohio-258, in support of its position. In *Vance*, the Fifth Appellate District chose this avenue, finding that the "record was not properly developed on this issue." *Id.* at ¶ 46.

**{¶9}** We find that the record is developed enough for us to consider this assignment of error and, therefore, follow our line of cases wherein we have reviewed the issue for plain error. *See State v. Bari*, 8th Dist. No. 90370, 2008-Ohio-3663; *State v. Mitchell*, 8th Dist. No. 88977, 2007-Ohio-6190; and *Cleveland v. Ali*, 8th Dist. No. 88604, 2007-Ohio-3902.

**{¶10}** A plain error review to determine whether a defendant's right to a speedy trial was violated requires a two-part analysis. *State v. Boone*, 8th Dist. No. 81155, 2003-Ohio-996, ¶ 6. We first determine whether the speedy trial deadline expired before D.S. was tried, and second, whether his trial attorney's failure to raise the issue at the trial court constituted ineffective assistance. *Id.*

**{¶11}** In order to substantiate a claim of ineffective assistance of counsel, D.S. is

required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of D.S.'s trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984), paragraph two of the syllabus; *State v. Brooks*, 25 Ohio St.3d 144, 147, 495 N.E.2d 407 (1986).

{¶12} Statutory speedy trial time periods do not apply to cases initiated in juvenile court. *State ex rel. Williams v. Court of Common Pleas*, 42 Ohio St.2d 433, 434-435, 329 N.E.2d 680 (1975). The Ohio Supreme Court explained as follows:

> The time limits set forth in R.C. 2945.71(C) apply only to a "(a) person against whom a charge of felony is pending * * *." A juvenile who has lodged against him an affidavit alleging that he is delinquent because he committed an act which, if committed by an adult, would constitute a felony is not a person against whom a charge of felony is pending. The juvenile becomes such a person and is, therefore, included with the scope of R.C. 2945.71(C) only if and when the Juvenile Court relinquishes jurisdiction over the case and transfers it to the appropriate "adult" court. (Internal citations omitted.)

*Id.*

{¶13} One exception to the non-applicability of the statutory speedy trial time periods to juveniles is when the state seeks a SYO dispositional sentence. R.C. 2152.13(C)(1), which governs SYO dispositional sentences, provides in relevant part that:

> Once a child is indicted, or charged by information or the juvenile court
>
> determines that the child is eligible for a serious youthful offender
>
> dispositional sentence, the child is entitled to an open and speedy trial by
>
> jury in juvenile court and to be provided with a transcript of the

proceedings. The time within which the trial is to be held under Title XXIX of the Revised Code commences on whichever of the following dates is applicable:

(a) If the child is indicted or charged by information, on the date of the filing of the indictment or information.

(b) If the child is charged by an original complaint that requests a serious youthful offender dispositional sentence, on the date of the filing of the complaint.

(c) If the child is not charged by an original complaint that requests a serious youthful offender dispositional sentence, on the date that the prosecuting attorney files the written notice of intent to seek a serious youthful offender dispositional sentence.

{¶14} R.C. 2152.13(C)(2) provides that:

If the child is detained awaiting adjudication, upon indictment or being charged by information, the child has the same right to bail as an adult charged with the offense the alleged delinquent act would be if committed by an adult. Except as provided in division (D) of section 2152.14 of the Revised Code,[2] all provisions of Title XXIX of the Revised Code and the Criminal Rules shall apply in the case and to the child. The juvenile court shall afford the child all rights afforded a person who is prosecuted for committing a crime including the right to counsel and the right to raise the

---

[2]The section provides for a hearing prior to the juvenile court invoking the adult portion of a juvenile's SYO dispositional sentence.

issue of competency. The child may not waive the right to counsel.

{¶15} D.S. contends that, under R.C. 2152.13(C)(1)(c), his speedy trial time began to run on May 4, 2010, when the state filed its notice of intent to seek a SYO dispositional sentence, which is a contention not challenged by the state, and with which we agree.

{¶16} Speedy trial for felony charges is governed by R.C. 2945.71(C)(2), which states that a defendant "[s]hall be brought to trial within two hundred seventy days after the person's arrest." "For purposes of computing time under divisions * * * (C)(2) * * * of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).

{¶17} The time to bring a defendant to trial can be extended for any of the reasons enumerated in R.C. 2945.72, including (1) "[a]ny period of delay occasioned by the neglect or improper act of the accused," (2) "any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused," or (3) "the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(D), (E), and (H).

{¶18} D.S. remained in custody throughout the pendency of this case. Therefore, he needed to be brought to trial within 90 days from May 4, 2010, the start of his speedy trial time, barring any extensions by tolling events. The state contends that D.S. engaged in motion practice that tolled speedy trial time. Specifically, the state cites the motion D.S. made at a June 16, 2010 hearing for transcripts of the probable cause hearing. The

motion was granted on the record the same day, and therefore, no tolling occurred.

**{¶19}** The state contends that time was tolled nonetheless as a result of this motion because after granting the motion the trial court continued the matter, according to the state, "so defense counsel could obtain the transcript and review it." But the journal entry granting the continuance merely stated that the matter was continued. This court has previously declined to toll the statutory speedy trial time in instances where the trial court has not indicated the reason for a continuance, stating that:

> The granting of a continuance must be recorded by the trial court in its journal entry which also must identify the party to whom the continuance is chargeable. * * * In order to toll the statutory time limits, a journal entry must show that a continuance was requested by the defendant or give sufficient explanation as to the reason for the continuance.

*State v. Gabel*, 8th Dist. No. 69607, 1996 WL 631089 (Oct. 31, 1996). Because the entry did not indicate the reason for the continuance, it was not chargeable against D.S.

**{¶20}** The state, relying on *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, also contends that time was tolled in this case because D.S. failed to respond to its discovery request. In *Palmer*, the defendant filed a written demand for discovery. The state responded five days later and requested reciprocal discovery. The defendant did not respond to the state's request until 60 days later, and the response merely stated that the defense would be using the state's witnesses and materials. The defendant later alleged his speedy trial rights were violated.

**{¶21}** The trial court found that 30 of the 60 days that passed before the defendant's response were unreasonable and thus tolled the speedy trial time for thirty

days under R.C. 2945.72(D), for delay occasioned by the neglect or improper act of the defendant. *Id.* at ¶ 7. With 30 days attributed to the defendant, the speedy trial time had not expired at the time of trial. Thus, the defendant's motion to dismiss was denied. On appeal, the Eleventh Appellate District reversed on the grounds that the state neither filed a motion to compel discovery nor demonstrated prejudice from the defendant's untimely response. *State v. Palmer*, 11th Dist. No. 2004-P-0106, 2005-Ohio-6710.

{¶22} The Supreme Court disagreed with the Eleventh District and upheld the trial court's decision. The Court concluded that a defendant who does not respond in a timely fashion to the state's request for reciprocal discovery is responsible for neglect under R.C. 2945.72(D). *Id.* at ¶ 20, 24. The Court further held that the state need not show prejudice or delay in the trial date and that the state was not required to file a motion to compel to ensure tolling of the speedy trial clock. *Id.* at ¶ 21-22, 24. Finally, the Court stated that it is up to the trial court to determine the date by which the defendant should have reasonably responded based upon the totality of the facts and circumstances in the case. *Id.* This court has interpreted the "reasonable time" requirement to mean 30 days. *State v. Barb*, 8th Dist. No. 90768, 2008-Ohio-5877, ¶ 1.

{¶23} D.S. makes a compelling argument that this case is distinguishable from *Palmer* because the State's discovery request was made in January 2010, before his speedy trial rights even started to run in May 2010. Therefore, D.S. contends that "[t]o toll the time for [30] days from the service of the State's discovery request would result in a date that is several months prior to [D.S.'s] speedy trial time beginning to run." The

state, however, contends that 30 days should be tacked on as of May 4, 2010, when the speedy trial time began to run. This issue of otherwise tolling events that occur *prior to* speedy trial rights running in a SYO dispositional sentencing case presents an apparent case of first impression. We do not believe that we should "reach back" to events that occurred prior to D.S.'s speedy trial rights even being implicated.

{¶24} Moreover, this case is distinguishable from *Palmer*. At the time the state filed its demand for discovery on January 13, 2010, this case was pending only as a juvenile case. Juv.R. 24(A), governing discovery in juvenile cases, provides that "[u]pon written request, each party of whom discovery is requested shall * * * produce promptly the * * * information, documents, and material in that party's custody, control, or possession * * *." Juv.R. 24(B) provides that "[i]f a request for discovery is refused, application may be made to the court for a written order granting the discovery." Juv.R. 24 is similarly worded as Crim.R. 16 in regard to court intervention in discovery matters. Crim.R. 16(L)(1) provides:

> The trial court may make orders regulating discovery not inconsistent with this rule. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.

{¶25} In *Palmer*, the Ohio Supreme Court explained that, because of the use of the word "shall" in Crim.R. 16, compliance with the rule is mandatory rather than discretionary. Thus, the Court held that tolling of statutory speedy trial time based on a

defendant's neglect in failing to respond within a reasonable time to the state's request for discovery is not dependent upon the state's filing of a motion to compel. The Court noted that the "provisions of Crim.R. 16 which permit the court to order compliance are triggered *when a party fails to comply completely with a request* or there is some confusion or disagreement as to what is discoverable." (Emphasis added.) *Id.* at ¶ 19.

{¶26} Here, D.S. never responded to the state's discovery request, a distinguishing fact from *Palmer*, where the defendant responded, but did so untimely. The record in this case includes the transcripts of four hearings held by the trial court after the state's January 13, 2010, discovery request.

{¶27} At the first hearing, held on January 21, 2010, the court stated at the beginning of the hearing, "we're here for a probable cause [hearing] and no discretionary motions are filed. It's hard to figure out. But [the] bottom line is apparently the State never filed such a motion, and [D.S.'s] been locked [up] now for * * * 87 days, and we're here today and we don't even have an arraignment set yet for a Rule 30 discretionary? So what are we going to do about this?" The assistant prosecuting attorney responded, "[w]e're going to file ASAP * * * I don't have an explanation of the whys as to why it wasn't filed." Several times during the hearing, the state acknowledged that there were "procedural problems" with the case.[3]

{¶28} The court took a recess so that the state could file a motion to try D.S. as an adult and reconvened after the motion was filed to explain the motion to D.S. At that

---

[3]January 21, 2010, tr. p. 6, 7, 8.

hearing, counsel for D.S. informed the court that there was some outstanding discovery that the defense was still trying to obtain from the state. The state said that it would complete discovery by the end of the week and the court told the defense, "if you believe * * * you still haven't received everything that you think is discoverable, then file a written motion immediately and then we'll go from there." The state never made mention of D.S.'s outstanding discovery.

{¶29} The next hearing, a probable cause hearing on the state's motion to try D.S. as an adult, was held on March 15, 2010. At the beginning of the hearing, the court questioned counsel about "preliminary matters," and after a brief discussion of some matters, the court inquired, "[a]nything further before we get started?" The state responded, "[n]ot on behalf of the government, your Honor."

{¶30} At the third hearing, an amenability hearing, held on April 28, 2010, the court noted at its conclusion that D.S. had been "locked up for six months now, so at this point I would like to move this case as quickly as possible." The parties agreed to a May 4, 2010 pretrial; on that date, the state filed its notice of intent to seek a SYO dispositional sentence.

{¶31} At the final hearing, held on May 4, D.S. was arraigned on the SYO indictment. The court informed him as follows of his speedy trial rights: "Now, with this Indictment you do have the right to a speedy trial. So you have to be brought to trial within 270 days. Now, if you're locked up while this case is pending, every day that you're locked up counts as three days toward your speedy trial right." When asked at

the conclusion of the arraignment if there were any other issues, the state responded, "just the issue of bail."[4]

{¶32} Thus, from the time D.S.'s speedy trial right began to run in May 2010, until the time of trial in August 2010, the state was presented with four on-the-record opportunities to seek the court's intervention in compelling D.S. to respond to its discovery requests, but never did. It also never filed any request seeking the court's intervention. In *Palmer*, the defendant responded, but untimely, whereas here, D.S. never responded at all. We find this to be an important distinguishing factor.

{¶33} Crim.R. 16(A) explains the overarching purposes of the discovery rules:

> Purpose, Scope and Reciprocity. This rule is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large.

{¶34} It has been held that the purpose of the discovery rules is to prevent surprise and the secreting of evidence favorable to the other party. *Lakewood v. Papadelis*, 32 Ohio St.3d 1, 3, 511 N.E.2d 1138 (1987); *see also State v. Warren*, 8th Dist. No. 83823, 2004-Ohio-5599, ¶ 51. To that end, speedy trial rights are tolled when a defendant makes a discovery request because:

> Discovery requests by a defendant divert the attention of prosecutors from preparing their case for trial, thus necessitating delay. If no tolling is permitted, a defendant could attempt to cause a speedy-trial violation by filing discovery requests just before trial. * * * Further, prosecutors could be forced to make hurried responses to discovery requests to avoid violating

---

[4]D.S. was remanded without bail.

the speedy-trial statute.

*State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, ¶ 23; *see also Palmer* at ¶ 18 (the overreaching purpose of the discovery rules is to produce a fair trial).

**{¶35}** The purpose of speedy trial rights, as set forth in R.C. 2945.71 and the United States and Ohio Constitutions, is to protect both the state and defendants from dilatory tactics by either side. R.C. 2945.72(D) provides that a defendant's right to a speedy trial may be extended by the defendant's neglect that serves to *delay* the proceedings. In *State v. Owens*, 2d Dist. No. 13054, 1992 WL 142681 (June 26, 1992), the Second Appellate District noted that "[w]hether a delay 'results' from a motion or other action requires an analysis of cause and effect. Not every delay that follows a motion results from it; the delay must be caused by it."

**{¶36}** We are not persuaded by the state's contention that D.S.'s failure to respond to its discovery request kept the speedy trial clock from ticking. First, the request was made in January 2010, well before May 2010, when D.S.'s right to a speedy trial was effectuated. But more importantly, there is no indication whatsoever in this record that the state was delayed in its preparation for trial by D.S.'s failure to respond to its request for discovery. What is evident in the record, however, is that delay in this case was attributed to the *state*. D.S. was held in detention for 87 days before he was even arraigned. The state acknowledged what it called "procedural problems" with the case.

**{¶37}** To hold that 30 days count against D.S., for a motion he filed months before he even had a right to a speedy trial, after the state delayed for almost three months, and

where there is no indication in the record that the state was delayed in its trial preparations by D.S.'s lack of response, would be an injustice and not in keeping with the purposes of either speedy trial rights or discovery.

{¶38} At oral argument, counsel for the state stated that juvenile court is a different animal than adult court. Counsel's statement is true to a degree. But, rules still apply in juvenile court and those rules must be followed, especially where the state is attempting to hang an adult sentence over a juvenile's head.

{¶39} In light of the above, D.S.'s first assignment of error is sustained. The remaining assignments of error are moot. App.R. 12(A)(1)(c).

{¶40} Judgment reversed; case remanded; D.S. shall be discharged upon remand.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the juvenile division of the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS WITH
SEPARATE OPINION

SEAN C. GALLAGHER, J., DISSENTING:

{¶41} I respectfully dissent from the majority's decision and would overrule D.S.'s first assignment of error. D.S.'s right to a speedy trial was not violated because of his failure to promptly respond to the state's discovery request.

{¶42} D.S. attempted to distinguish his case from that of *Palmer*. In *Palmer*, the Ohio Supreme Court simply held that the failure of a defendant to respond in a reasonable time to the state's request for reciprocal discovery constitutes neglect, tolling the running of the speedy-trial time and is not dependant on a motion to compel or prejudice to the state. *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, paragraphs one and two of the syllabus. More important to the current case, "[a] trial court shall determine the date by which a defendant should reasonably have responded to a reciprocal discovery request based on the totality of facts and circumstances of the case, including the time established for response by local rule, if applicable." *Id.* at paragraph three of the syllabus.

{¶43} Thus, the majority's concern that 30 days of tolling ran before the start of the speedy-trial clock is misplaced. The 30 days discussed in *Palmer* was based on the trial court's determination that such a time period would have been the reasonable time to respond to the state's discovery request. No such determination occurred in the current case, and tolling, for failure to respond to the state's discovery, is not limited to 30 days. Tolling could extend for the life of the pretrial stages of a case if the defendant fails to

respond.

{¶44} In the current case, the speedy-trial time began running as of May 4, 2010, and that must include any applicable tolling that could have applied but for the fact that the speedy-trial clock does not apply to juvenile proceedings absent the SYO intercession. The effect of R.C. 2152.13(C)(1)(c) starting the clock in the middle of a case does not act to divorce the tolling provisions from the speedy-trial requirements of the applicable portions of the Revised Code and require the state to refile outstanding discovery motions. Accordingly, D.S.'s first assignment of error should be overruled and the rest of his assignments of error addressed.