[Cite as *State v. Jones*, 2019-Ohio-783.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106150**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DERIELLE JONES**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-611444-A and CR-17-613257-A

**BEFORE:** Celebrezze, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** March 7, 2019

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By:     Jeffrey Gamso
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:     Ryan J. Bokoch
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant, Derielle Jones ("appellant"), brings the instant appeal challenging his convictions for engaging in a pattern of corrupt activity, breaking and entering, aggravated robbery, failure to comply with an order or signal of a police officer, and receiving stolen property.   Specifically, appellant argues that his statutory speedy rights were violated and that he was denied his constitutional right to the effective assistance of counsel.   After a thorough review of the record and law, this court affirms.

## I.   Factual and Procedural History

{¶2} The instant appeal arose from two criminal cases in which appellant was charged for his involvement in a string of ATM "smash and grab" thefts. Appellant was arrested for his involvement in the incidents on October 27, 2016.

{¶3} First, in Cuyahoga C.P. No. CR-16-611444-A (hereinafter "611444"), the Cuyahoga County Grand Jury returned a 32-count indictment on November 16, 2016, against appellant and his codefendants.[1] Counts 1 through 27 pertained to appellant. The charges in the first indictment arose from the following "smash and grab" incidents: (1) Ohio Bureau of Motor Vehicles on July 25, 2016; (2) Gas USA on September 9, 2016; (3) Rite Aid on September 28, 2016; (4) Circle-K on October 11, 2016; and (5) BP gas station on October 15, 2016. This case was dismissed, without prejudice, on April 4, 2017. The trial court's judgment entry of dismissal provides, in relevant part, "case dismissed without prejudice. Re-indicted as CR-613257."

{¶4} Second, in Cuyahoga C.P. No. CR-17-613257-A (hereinafter "613257"), the Cuyahoga County Grand Jury returned a 102-count indictment on March 28, 2017, against appellant and his codefendants.[2] Counts 1, 2, 10-66, and 84-89 pertained to appellant. In addition to the aforementioned "smash and grab" incidents for which appellant was charged in the first indictment, the second indictment involved the following incidents: (1) Family Dollar store on October 11, 2016; (2) C's Beverage on October 23, 2016; (3) Just/City Wireless store on October 11, 2016; (4) Speedway on October 11, 2016; (5) Tompkins Deli on September 1, 2016;

---

[1] Troskey Banks, Malik Ward, Jaquel Warner, and Dashawn Garner.

[2] In addition to the same codefendants that were charged in the first indictment, codefendant Jesse Cunard was also charged in the second indictment.

and (6) Madison Deli on September 13, 2016. Appellant was arraigned on April 4, 2017. He pled not guilty to the indictment.

{¶5} A jury trial commenced on May 15, 2017. However, on May 17, 2017, in the middle of trial, appellant advised the trial court that he wanted to plead guilty. Pursuant to the parties' plea agreement, the state agreed to make the following amendments to the indictment: the state amended Count 1 by deleting the furthermore specification; the state amended Count 25 by deleting the three-year firearm specification; the state amended Count 35 by deleting the one- and three-year firearm specifications; and the state amended Counts 43 and 59 by deleting the one- and three-year firearm specifications.

{¶6} On May 17, 2017, appellant pled guilty to the following counts: (1) engaging in a pattern of corrupt activity with a forfeiture specification, as amended in Count 1; (2) breaking and entering, as charged in Counts 10, 37, 47, 53, and 84; (3) aggravated robbery, as amended in Count 25; (4) failure to comply with an order or signal of a police officer, as charged in Count 34; (5) receiving stolen property (motor vehicle), as amended in Count 35; (6) receiving stolen property (motor vehicle), as charged in Counts 41, 51, 57, 64, 65, and 88; and (7) aggravated robbery, as amended in Counts 43 and 59. The remaining counts were nolled. The parties agreed to recommend a sentencing range between 12 and 20 years in prison. The trial court accepted appellant's guilty plea, ordered a presentence investigation report, referred appellant to the court psychiatric clinic for an evaluation pursuant to R.C. 2947.06(B), and set the matter for sentencing.

{¶7} The trial court held a sentencing hearing on June 26, 2017. The trial court imposed an aggregate prison sentence of 18 years.

{¶8} On August 18, 2017, appellant, acting pro se, filed the instant appeal challenging his convictions. This court appointed the public defender's office to represent appellant in this appeal on June 7, 2018.

{¶9} In this appeal, appellant challenges his convictions. He assigns two errors for our review:

> I. [Appellant's] right to a speedy trial was violated by the 200 days between the date he was arrested and held in the county jail and the date he was brought to trial.
>
> II. [Appellant] was denied his constitutional right to the effective assistance of counsel when his trial counsel did not move to dismiss the case based on the speedy trial violation.

## II. Law and Analysis

{¶10} Both of appellant's assignments of error pertain to his statutory speedy trial rights. He maintains that his statutory speedy trial rights were violated because he was brought to trial in 613257, 200 days after his October 27, 2016 arrest, and that his counsel was ineffective for failing to file a motion to dismiss based on speedy trial grounds.

{¶11} As an initial matter, we note that appellant elected to enter a guilty plea after the jury trial had commenced.

> When a defendant enters a guilty plea, he generally waives all appealable errors that may have occurred unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Jabbaar*, 8th Dist. Cuyahoga No. 98218, 2013-Ohio-2897, ¶ 5; *State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5; *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus. Thus, a claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing and voluntary. [*State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11], citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d

351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). * * *

Likewise, a guilty plea generally waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds. [*Kelley* at paragraph one of the syllabus]; *Montpelier v. Greeno*, 25 Ohio St.3d 170, 172, 495 N.E.2d 581 (1986); *State v. Yonkings*, 8th Dist. Cuyahoga No. 98632, 2013-Ohio-1890, ¶ 14-15; *State v. Goodwin*, 8th Dist. Cuyahoga No. 93249, 2010-Ohio-1210, ¶ 10. Thus, when a defendant pleads guilty, he or she also generally waives the right to claim that his or her counsel was ineffective based upon statutory speedy trial issues. *See, e.g., State v. Logan*, 8th Dist. Cuyahoga No. 99471, 2014-Ohio-816, ¶ 20, citing *State v. Bohanon*, 8th Dist. Cuyahoga No. 98217, 2013-Ohio-261, ¶ 8; *Jabbaar* at ¶ 5; *State v. Miller*, 8th Dist. Cuyahoga No. 94790, 2011-Ohio-928, ¶ 16; *Goodwin* at ¶ 10.

*State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 14-15.

{¶12} In the instant matter, appellant does not argue, much less demonstrate, that his guilty plea was not knowingly, intelligently, and voluntarily entered. Nor does appellant argue that trial counsel's deficient performance caused his guilty plea to be less than knowing, intelligent, and voluntary.

{¶13} Nevertheless, for the reasons set forth below, we find that appellant's statutory speedy trial rights were not violated. As such, even if appellant did not waive his ineffective assistance of counsel claim, the claim would still fail under to the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

### A.   Speedy Trial

{¶14} In his first assignment of error, appellant argues that his statutory speedy trial rights were violated.

{¶15} Pursuant to R.C. 2945.71(C)(2), "the state is required to bring a defendant to trial on felony charges within 270 days of arrest." *State v. Martin*, 8th Dist. Cuyahoga No. 106038, 2018-Ohio-1843, ¶ 43, citing *Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, at ¶ 19.

> If a defendant is not brought to trial within the speedy trial limits, the court, upon motion, must discharge the defendant. R.C. 2945.73(B). A defendant establishes a prima facie case for discharge based on a speedy trial violation when he or she demonstrates that more than 270 days elapsed before trial. *See State v. Butcher*, 27 Ohio St.3d 28, 500 N.E.2d 1368 (1986). The burden then shifts to the state to show that R.C. 2945.72 extended the time limit. [*Brecksville v. Cook*, 75 Ohio St.3d 53, 55-56, 661 N.E.2d 706 (1996)].

*State v. Michailides*, 8th Dist. Cuyahoga No. 105966, 2018-Ohio-2399, ¶ 9.

{¶16} It is undisputed that the "triple-count provision" set forth in R.C. 2945.71(E) applies in this case. The triple count provision provides that each day a defendant is held in jail in lieu of bail counts as three days for purposes of calculating speedy trial time. *Geraci* at *id*. Furthermore, R.C. 2945.72 provides that speedy trial time may be tolled by certain events, including a defendant's requests for continuances and any actions or neglect of the defendant that causes delay.

{¶17} In the instant matter, appellant was arrested on October 27, 2016, and remained incarcerated until trial commenced on May 15, 2017. Because 200 days elapsed between the

date of appellant's arrest and the date trial commenced, appellant has established a prima facie case of a speedy trial violation, shifting the burden to the state.

{¶18} The dispositive issue in this appeal is straightforward — whether the tolling events that occurred in 611444 apply to the speedy trial calculation in 613257. The state's position is that the tolling events in 611444 do apply to the speedy trial calculation in 613257. Under this scenario, it is undisputed that appellant's speedy trial rights were not violated.

{¶19} On the other hand, appellant's position is that 613257 "stands on its own" and that the tolling events in 611444 do not apply to the speedy trial calculation in 613257. Under this scenario, appellant's speedy trial rights were violated.

{¶20} In support of his position, appellant appears to argue that the two criminal cases are separate and unrelated because "neither the [s]tate nor [appellant] moved to incorporate the motion practice or docket entries from Case 611444 into [Case 613257]." Appellant's brief at 4. The trial court's docket, however, reflects that the two criminal cases are, in fact related. Specifically, as noted above, the trial court's April 4, 2017 judgement entry dismissing 611444 provides, in relevant part, "case is dismissed without prejudice. *Re-indicted as CR-613257.*" (Emphasis added.) Furthermore, the attorney that was assigned to represent appellant on March 23, 2017, in 611444 continued to represent appellant in 613257. The trial court's April 4, 2017 journal entry from appellant's arraignment in 613257 refers to the trial court's March 23, 2017 journal entry in 611444 in which the trial court granted defense counsel's motion to withdraw and assigned a new attorney to represent appellant. The trial court's April 4, 2017 journal entry in 613257 provides, in relevant part, that this attorney "was *previously assigned as counsel.*" (Emphasis added.) Finally, we note that both criminal cases were "manually" assigned to the

same judge.[3]   Accordingly, the docket and journal entries in the two criminal cases do not support appellant's assertion that the cases are separate and unrelated.

{¶21} In support of his position that any tolling events that occurred in 611444 do not apply to the speedy trial calculation in 613257, appellant directs this court's attention to *State v. Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025 (1989), and *State v. Homan*, 89 Ohio St.3d 421, 428, 732 N.E.2d 952 (2000).

{¶22} In *Adams*, the Ohio Supreme Court held that "when an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver." *Id*. at 70.   In *Homan*, the Ohio Supreme Court held that when a defendant files a pretrial motion after being initially charged, and the state subsequently files additional, related criminal charges against the defendant, the tolling provision set forth in R.C. 2945.72(E) does not apply to toll speedy trial time as to the subsequent charges.   *Id*. at 428.

{¶23} Appellant does not address the Ohio Supreme Court's subsequent decision in *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, 887 N.E.2d 319, in which the court discussed the holdings in *Adams* and *Homan*.   The *Blackburn* court recognized that *Adams* was limited to cases involving speedy trial waivers, explaining that speedy trial waivers and tolling events under R.C. 2945.72 are separate concepts that should be treated differently.   *Blackburn* at ¶ 12-23.   In the instant matter, appellant's reliance on *Adams* is misplaced, as appellant did not waive his speedy trial rights.   Furthermore, the *Blackburn* court distinguished *Homan* and held that "in calculating the time within which a criminal defendant must be brought to trial under R.C. 2945.71, periods of delay resulting from motions filed by the defendant in a previous case

---

[3] *See* trial court's November 22, 2016 journal entry in 611444 and April 4, 2017 journal entry in 613257.

also apply in a subsequent case in which there are different charges based on the same underlying facts and circumstances of the previous case." *Blackburn* at ¶ 23.

{¶24} This court applied the *Blackburn* rationale in *State v. Cody*, 8th Dist. Cuyahoga No. 100797, 2017-Ohio-1543, ¶ 17-19. In *Cody*, the defendant was charged in three criminal cases for his involvement in organizing a charity that was discovered to be a "sham" in order to procure millions of dollars in donations from donors across the country. *Id*. at ¶ 2. This court held that the motions filed by the defendant in one of the criminal cases tolled speedy trial time in another criminal case that was based on the same facts and circumstances. *Id.* at ¶ 17.

{¶25} In the instant matter, we find that 611444 and 613257 involve the same underlying facts and circumstances — appellant's involvement in the string of ATM "smash and grab" thefts between July 2015 and March 2017. Accordingly, the *Blackburn* rationale applies in this case, and we find no merit to appellant's argument that any tolling events that occurred in 611444 do not apply to the speedy trial calculation in 613257. In fact, *Blackburn* supports the state's position that periods of delay in 611444 do, in fact, apply to the speedy trial calculation in 613257.

{¶26} Appellant was arrested on October 27, 2016, and the speedy trial clock began to run the following day, October 28. *See State v. Wells*, 8th Dist. Cuyahoga No. 98388, 2013-Ohio-3722, ¶ 44 (the date of arrest is not counted for purposes of calculating speedy trial time). Twenty-five speedy trial days ran from October 28 to November 21, 2016.

{¶27} The record in 611444 reflects that on November 22, 2016, defense counsel filed a demand for discovery and a motion for a bill of particulars. "A defendant's demand for discovery tolls the speedy trial time until the state responds to the discovery or for a reasonable time, whichever is sooner." *State v. Shabazz*, 8th Dist. Cuyahoga No. 95021, 2011-Ohio-2260,

¶ 26, 31; R.C. 2945.72(E). The state served its responses to appellant's discovery requests on December 7, 2016. Accordingly, speedy trial time was tolled from November 22 to December 7, 2016.

**{¶28}** Along with its responses to appellant's discovery request, the state also filed a demand for discovery on December 7, 2016. Appellant did not respond to the state's reciprocal discovery request, and his failure to do so is significant.

**{¶29}** In *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, the Ohio Supreme Court held, "[t]he failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)." *Id.* at paragraph one of the syllabus. A defendant's failure to respond to the state's reciprocal discovery request tolls the statutory speedy trial clock regardless of whether the state files a motion to compel. *Id.* at paragraph two of the syllabus. *Accord State v. Garner*, 8th Dist. Cuyahoga No. 102816, 2016-Ohio-2623, ¶ 27.

**{¶30}** In *Geraci*, this court applied the *Palmer* rationale:

> Under *Palmer*, it is the period of time that constitutes neglect by the defendant, i.e., the period of time after the reasonable response time, not the period of time that constitutes the reasonable response time itself, that is properly tolled. *Palmer* at ¶ 23. * * * This is consistent with R.C. 2945.72(D), which provides that "[t]he time within which an accused must be brought * * * in the case of felony, to preliminary hearing and trial, may be extended [by] * * * [a]ny period of delay occasioned by the neglect or improper act of the accused." Thus, where a defendant fails to respond to the state's request for reciprocal discovery, speedy trial time is tolled after a "reasonable time" for the defendant's responses has passed. * * *
>
> Under most circumstances, this court has generally considered 30 days to be a "reasonable" response time when applying R.C. 2945.72.

(Citations omitted.) *Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, at ¶ 25-26.

{¶31} In the instant matter, using the 30-day reasonable response time, we find that appellant's speedy trial time was indefinitely tolled beginning on January 7, 2017 — 30 days after the state filed its demand for discovery — based on the defense's negligent failure to respond to the state's reciprocal discovery request.

{¶32} Appellant argues that his failure to respond to the state's reciprocal discovery request in 611444 did not apply to toll the speedy trial clock in 613257. In support of his argument, appellant directs this court to *State v. Byrd*, 8th Dist. Cuyahoga No. 91433, 2009-Ohio-3283, asserting that "the present case is indistinguishable from *Byrd*." Appellant's reply brief at 3.

{¶33} In *Byrd*, the defendant was arrested on November 5, 2007, and initially indicted on November 15, 2007, in Cuyahoga C.P. No. CR-07-503382-A. The first case was dismissed by the state on February 5, 2008. The state subsequently re-indicted the defendant on January 28, 2008, in Cuyahoga C.P. No. CR-08-506224-A. The trial court denied the defendant's motion to dismiss based on speedy trial grounds, and the defendant was ultimately convicted at trial.

{¶34} The defendant filed an appeal arguing that his speedy trial rights were violated. The state, citing *Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, argued that the defense's failure to respond to the state's discovery demand in the first case "carried over" to toll speedy trial time in the second case. *Byrd* at ¶ 15. This court rejected the state's argument, explaining,

> While *Palmer* indicates that a defendant's failure to respond within a reasonable
>
> time to a prosecution request for reciprocal discovery constitutes neglect that tolls

the running of speedy trial time pursuant to R.C. 2945.72(D), nothing in that case holds that the speedy trial clock is tolled from one case to another because of a defendant's failure to respond to the State's discovery requests. Therefore, the State's position on this issue is not well taken.

*Byrd* at *id*.

{¶35} After reviewing the record, we find that this case is distinguishable from *Byrd*, 8th Dist. Cuyahoga No. 91433, 2009-Ohio-3283. First, unlike *Byrd*, appellant knowingly, intelligently, and voluntarily pled guilty during trial. Second, in *Byrd*, this court recognized that "ordinarily the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, *premised upon the same facts as alleged in the original indictment* is not counted." (Emphasis added.) *Id*. at ¶ 16, citing *State v. Azbell*, 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532. Furthermore, the *Byrd* court explained that it was "unclear" why the state filed the second indictment against the defendant. *Id*. at ¶ 15. In this case, the record reflects that the state filed the second indictment against appellant based on additional facts that were discovered during an ongoing investigation of the string of ATM "smash and grabs." Although both cases involve the same general facts and circumstances, appellant's involvement in the string of ATM thefts, the second indictment was not premised upon the same facts as alleged in the original indictment. As noted above, the charges in the first indictment pertained to five ATM thefts. The second indictment pertained to the five ATM thefts involved in the original indictment as well as an additional six thefts.

{¶36} Finally, the defendant's primary argument in *Byrd* was that "the [s]tate's 49-day delay in responding to his discovery requests was unreasonable and, therefore, should not constitute a tolling event for purposes of the speedy trial statute." *Id*. at ¶ 3. This court agreed,

concluding that the state's 49-day delay in responding to the defendant's reasonable, "routine," and "readily discernible" discovery requests was unreasonable, and that the additional 19-day delay, when applying the 30-day reasonable response period,[4] did not toll the speedy trial clock. *Id.* at ¶ 8-9. Unlike *Byrd*, the record in this case reflects that in both criminal cases, the state promptly responded to the defense's discovery requests. Accordingly, the instant matter is distinguishable from *Byrd*, and appellant's reliance on *Byrd* is misplaced.

**{¶37}** As noted above, appellant failed to respond to the state's reciprocal discovery request in 611444, filed on December 7, 2016. Using the 30-day reasonable response time, we find that appellant's speedy trial time was indefinitely tolled beginning on January 7, 2017, based on the defense's negligent failure to respond to the state's reciprocal discovery request. The record in 613257 also reflects that appellant failed to respond to the reciprocal discovery request filed by the state on April 26, 2017.

**{¶38}** Between October 28, 2016, and January 7, 2017, only 36 out of the 90 speedy trial days had elapsed. As noted above, 25 speedy trial days ran from October 28 to November 21, 2016, when defense counsel's discovery motions were filed. The clock resumed on December 8, 2016, and 11 more speedy trial days ran from December 8 to December 18, 2016, bringing the total to 36.

**{¶39}** The clock was tolled again on December 19, 2016, when the trial court held a pretrial conference during which it scheduled a pretrial conference for January 12, 2017, "at the request of defendant." Accordingly, speedy trial time was tolled from December 19, 2016, to January 12, 2017, when the trial court held the pretrial conference previously requested by the defense. The clock did not, however, resume on January 12, 2017, because the indefinite toll

---

[4] *State v. Barb*, 8th Dist. Cuyahoga No. 90768, 2008-Ohio-5877.

resulting from appellant's failure to respond to the state's reciprocal discovery request took effect on January 7, 2017.

{¶40} Finally, we note that the state appears to argue that the exception set forth in *State v. Baker*, 78 Ohio St.3d 108, 676 N.E.2d 883 (1997), applies in this case because (1) the new and additional charges brought in the subsequent indictment arose from different facts than the charges in the original indictment, and (2) the state did not know of these facts from which the charges in the subsequent indictment arose at the time of the initial indictment. Specifically, the state contends,

> [t]his superseding indictment [in 613257] contained additional counts and additional incidents of Appellant's course of conduct. The original indictment [in 611444] contained five ATM Smash and Grab incidents. During the pendency of 611444, Law Enforcement officers continued to investigate [a]ppellant's role in several additional ATM Smash and Grabs. This resulted in an additional six ATM Smash Grab incidents for which Appellant was not initially charged in case 611444.

Appellee's brief at 4.

{¶41} In *Adams*, 43 Ohio St.3d 67, 538 N.E.2d 1025, the Ohio Supreme Court held that when the state files subsequent charges against a defendant, the subsequent charges are subject to the same speedy trial constraints as the original charges when *the additional charges arose from the same facts as the charges in the original indictment*. (Emphasis added.) *Id*. at 68. However, in *Baker*, the Ohio Supreme Court recognized an exception to the speedy-trial timetable for subsequent indictments: "[w]hen additional criminal charges arise from *facts distinct from those supporting an original charge, or the state was unaware of such facts at that*

*time*, the state is not required to bring the accused to trial within the same statutory period as the original charge under R.C. 2945.71 et seq." (Emphasis added.) *Id*. at 112; *see Garner*, 8th Dist. Cuyahoga No. 102816, 2016-Ohio-2623, at fn. 4, citing *Baker* at 110 ("additional charges brought against Garner following his original indictment were not subject to the speedy trial limits of the original indictment, since the subsequent charges were based on new and additional facts that the state had no knowledge of at the time of the original indictment."); *State v. George*, 8th Dist. Cuyahoga No. 106317, 2018-Ohio-5156, ¶ 35-39 (holding that the *Baker* exception applied where the defendant was initially charged in a 97-count indictment with various offenses involving sexual abuse, and subsequently charged along with a codefendant with 57 additional counts based on evidence discovered after the filing of the first indictment); *State v. McKinney*, 5th Dist. Delaware No. 11-CA-26, 2011-Ohio-3951, ¶ 30 (pursuant to *Baker*, the state is accorded a new 90-day speedy trial clock, that begins to run on the day the subsequent complaint was filed, because the charges in the second complaint arose from facts the state was unaware of at the time of the initial arrest).

> In applying the *Baker* exception, the Tenth District has explained,
> The fact that the trial court found there was a "nexus" between the two indictments is not dispositive of the speedy trial issue here. The key question in this case is whether all of the offenses at issue arose out of the same set of facts, or whether additional charges arose from new facts that were either not present at the time of the original arrest or not available to the state at the time of the original arrest and indictment.

*State v. Mohamed*, 10th Dist. Franklin No. 08AP-960, 2009-Ohio-6658, ¶ 32.

{¶42} In the instant matter, the record clearly reflects that (1) the offenses charged in the second indictment did not arise out of the same set of facts as the offenses charged in the first indictment, and (2) the additional charges in the second indictment arose from facts that the state was not aware of at the time of appellant's arrest or the filing of the first indictment in 611444. As noted above, the first indictment involved five ATM thefts. The charges in the second indictment arose from additional facts that were discovered during the ongoing investigation into the string of ATM thefts — an additional six ATM thefts, bringing the total to 11, that investigators were able to link to appellant and his codefendants. Accordingly, the exception set forth in *Baker* is applicable in this case.

{¶43} For all of the foregoing reasons, appellant's statutory speedy trial rights were not violated. Only 36 of the 90 speedy trial days elapsed between appellant's arrest on October 27, 2016, and the commencement of trial on May 15, 2017.

{¶44} Appellant's first assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶45} In his second assignment of error, appellant argues that he was denied his constitutional right to the effective assistance of counsel. Specifically, he contends that counsel's failure to file a motion to dismiss on speedy trial grounds constituted deficient performance.

{¶46} In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the proceeding would have been

different.  *Strickland*, 466 U.S. at 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

**{¶47}** Based on our resolution of appellant's first assignment of error, appellant's ineffective assistance of counsel claim fails under the second *Strickland* prong.  Because appellant's speedy trial rights were not violated, appellant cannot demonstrate a reasonable probability that the case would have been dismissed on speedy trial grounds but for counsel's failure to file a motion to dismiss.

**{¶48}** Accordingly, appellant's second assignment of error is overruled.

### III.  Conclusion

**{¶49}** After thoroughly reviewing the record, we affirm appellant's convictions. Appellant's statutory speedy trial rights were not violated, and appellant was not denied his constitutional right to the effective assistance of counsel.

**{¶50}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's convictions having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR