[Cite as *In re D.S.*, 2011-Ohio-5250.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95803**

## IN RE: D.S.
## A Minor Child

## JUDGMENT:
## DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 09119366

**BEFORE:** Sweeney, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 13, 2011

**ATTORNEYS FOR APPELLANT, D.S.**

Sheryl A. Trzaska
Asst. State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEE, STATE OF OHIO**

William D. Mason
Cuyahoga County Prosecutor
By: Brian R. Radigan
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

Milko Cecez
Assistant Prosecuting Attorney
Juvenile Division
2210 Cedar Road, Third Floor
Cleveland, Ohio 44115

JAMES J. SWEENEY, P.J.:

{¶ 1} Appellant D.S. appeals the juvenile court's decision adjudicating him delinquent of murder and multiple assault charges, with serious youth offender ("SYO") specifications, and imposing a stayed sentence of 18-years-to-life in prison. After reviewing the facts of the case and pertinent law, we dismiss the appeal for lack of a final, appealable order and remand with instructions to expeditiously enter disposition on all counts of delinquency pursuant to Juv.R. 29.

{¶ 2} On September 22, 2009, five teenagers who knew each other — J.G., C.M.1, C.M.2, J.J., and D.S. — were "hanging out" at a bus stop near 6207 Broadway Avenue in Cleveland. J.G. and J.J. began to argue. D.S. allegedly handed a gun to J.J., who shot and killed J.G. and fired multiple shots at C.M.1 and C.M.2 as they were running away from the scene.

{¶ 3} On October 20, 2009, D.S., who was 15 years old at the time, was charged in juvenile court with murder. On April 29, 2010, the court found that D.S. was amenable to rehabilitation in the juvenile system and denied the state's motion to transfer the case to the adult criminal justice system. On May 4, 2010, the state filed a notice of intent to seek a SYO dispositional sentence against D.S. under R.C. 2152.13.

{¶ 4} On May 28, 2010, a second indictment was filed against D.S., charging him with five counts: murder in violation of R.C. 2903.02(A) with one- and three-year firearm and mandatory SYO specifications; two counts of attempted felonious assault in violation of R.C. 2923.02 and 2903.11(A)(1) with one- and three-year firearm and discretionary SYO specifications; and two counts of felonious assault in violation of R.C. 2903.11(A)(2) with one- and three-year firearm and discretionary SYO specifications.

{¶ 5} On June 16, 2010, D.S. denied the charges against him. The case went to trial before the court, and on August 17, 2010, the court found D.S. delinquent of all charges as an aider and abetter.

{¶ 6} Pursuant to the mandatory SYO adjudication under R.C. 2152.13(D), the court was required to impose a traditional juvenile disposition and an adult felony

sentence. On August 31, 2010, the court committed D.S. to the Ohio Department of Youth Services ("ODYS") until age 21 for the murder. In its corresponding journal entry, the court incorporated a one-year commitment to ODYS for firearm specifications pursuant to R.C. 2941.145 and 2152.17(A)(2), without having disposed of the firearm specifications in open court. None of the remaining counts were addressed in the traditional juvenile disposition.

{¶ 7} The court also imposed the minimum SYO adult felony sentence of 18 years to life in prison, which the court stayed pending D.S.'s successful completion of the juvenile disposition. The court explained D.S.'s SYO sentence as follows: "15 years of that minium sentence is for the [murder], and then the three years additional are for the three-year gun specs, which are to run prior to and consecutive to the 15 years. So it gives you an 18-year minimum. And as I said, maximum of life." The court imposed a one-year sentence for each attempted felonious assault and a two-year sentence for each felonious assault, all with three-year sentences for the firearm specifications, to be served concurrent to the 18-years-to-life sentence.

{¶ 8} D.S. appeals and raises seven assignments of error for our review. However, we lack jurisdiction to review this case because there is no final, appealable order, which is an issue appellate courts may raise sua sponte. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64.

{¶ 9} This court recently held that "a juvenile court must render a disposition as to each count for which a juvenile is adjudicated delinquent. To hold otherwise would

risk leaving issues unresolved." *In re A.H.*, Cuyahoga App. No. 95661, 2011-Ohio-2039, ¶10. See, also, *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶6.

{¶ 10} In the instant case, we limit our final, appealable order analysis to D.S.'s juvenile disposition. Without comment on the merits of D.S.'s stayed SYO felony sentence, we note that it appears to set forth the manner of conviction and the sentence in compliance with *Baker*.

{¶ 11} However, the court's "blanket" juvenile disposition for murder did not cover D.S.'s four assault adjudications with firearm specifications, as they were not addressed in the dispositional hearing or journal entry. If we were to reverse D.S.'s delinquency adjudication and disposition committing him to ODYS for the murder charge, his remaining assault adjudications "would be left unaccompanied by an explicit disposition. Akin to the criminal justice system, this is a conviction without a sentence." *In re A.H.*, ¶10.

{¶ 12} Under the reasoning and precedent of *In re A.H.*, we find that the judgment in the instant case is not a final, appealable order because the court did not dispose of all counts at the traditional juvenile adjudication level. Accordingly, we lack jurisdiction over this case.

{¶ 13} The appeal is dismissed and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JAMES J. SWEENEY, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR