**AMENDED DLD-013**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3508
_____

UNITED STATES OF AMERICA

v.

CHARLES AARON BROOKS,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-95-cr-00564-001)
District Judge:  Honorable Harvey Bartle III
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2011
Before:  AMBRO, JORDAN AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 4, 2011)
_____

OPINION
_____

PER CURIAM

        Charles Brooks is a federal prisoner, who was convicted in 1996 for his part in a

series of armed bank robberies.  He appeals several District Court orders that denied: 1) a

motion for "all documents related" to his criminal case, and specifically "a true and

complete copy of all discovery" relating to various witnesses, ECF No. 278 (denied by

ECF No. 279); 2) a timely filed motion to reconsider the denial of his discovery request,

ECF No. 280 (denied by ECF No. 281); 3) a "Motion to Dismiss Superseding Indictment

for Violating Defendant['s] Speedy Trial Rights," ECF No. 288 (denied by ECF No.

295); 4) a timely filed motion to reconsider the speedy-trial denial, ECF No. 297 (denied

by ECF No. 302); 5) a Freedom of Information Act (FOIA) request for documents, ECF

No. 283 (denied by ECF No. 287); 6) a timely filed motion to reconsider the denial of his

FOIA request, ECF No. 289 (denied by ECF No. 292); 7) a motion for recusal of the

presiding District Court Judge, the Honorable Harvey Bartle III, ECF No. 291 (denied by

ECF No. 293); and 8) a "Motion and Affidavit Pursuant to 28 U.S.C. § 255

Disqualification of a Judge Should Be Granted," ECF No. 298 (denied by ECF No. 301).[1]

We must first determine whether our jurisdiction extends to all of the

abovementioned orders, which in turn depends on whether they are subject to the rules

controlling civil (Fed. R. App. P. 4(a)) or criminal (Fed. R. App. P. 4(b)) appeals. We

have previously held that Fed. R. App. P. 4(b), which governs appeals "in a criminal

case"—and whose relevant prescribed time limit, fourteen days, is not jurisdictional, see

Gov't of V.I. v. Martinez, 620 F.3d 321, 327 (3d Cir. 2010)— is "construed narrowly to

encompass only a prosecution brought by the government to secure a sentence of

---

[1] Brooks, who proceeds pro se, simultaneously pursued an appeal from the denial of his motion to return property under Fed. R. Crim. P. 41(g). See United States v. Brooks, C.A. No. 11-3235. We gave his basic allegations the scrutiny they deserved therein and will not repeat ourselves here.

conviction for criminal conduct." United States v. Lavin, 942 F.2d 177, 181 (3d Cir. 1991) (internal citations & quotations omitted). By contrast, the ambit of Rule 4(a)'s "civil case" designation is far broader, covering proceedings (such as habeas corpus petitions and, in Lavin itself, forfeiture proceedings under 21 U.S.C. § 853(n)(6)) that may arise out of a previous criminal prosecution. Id. at 181–82; see also Impounded, 277 F.3d 407, 411 (3d Cir. 2002) (holding that, when "proceedings on [a] motion were clearly not proceedings by the government to secure a sentence of conviction for criminal conduct," the proceedings were "civil" and not "criminal" for the purposes of Rule 4). As the time for criminal prosecution has long since passed, Brooks's post-trial motions are akin to those cast as "civil" in Lavin, and are therefore subject to the time limits of Rule 4(a)—which, as jurisdictional limits, are not subject to equitable modification, see Bowles v. Russell, 551 U.S. 205, 214 (2007). We consequently lack jurisdiction to reach the District Court orders denying Brooks's initial discovery request and his related motion for reconsideration—entered on January 25, 2011, and February 14, 2011, respectively—which were not appealed within the sixty days allowed by Fed. R. Civ. P. 4(a)(1)(B).

With regard to the remaining orders, over which we exercise our 28 U.S.C. § 1291 jurisdiction,[2] we will leave the District Court's judgment undisturbed. Construing

---

[2] All of Brooks's remaining motions were either appealed within the sixty days allotted—for example, the order denying Brook's speedy-trial motion was entered on July 18, 2011, fewer than sixty days before the September 6, 2011, notice of appeal—or were the

3

Brooks's FOIA request as an attempt to gain further post-trial discovery, we note that "an application for relief under the discovery rules is a matter within the sound discretion of the district court and its ruling will be disturbed only for an abuse of discretion." United States v. Fioravanti, 412 F.2d 407, 410 (3d Cir. 1969); see also United States v. Webster, 162 F.3d 308, 337 (5th Cir. 1998) (applying the same standard to post-conviction discovery requests). Throughout his confusing submissions, Brooks showed no entitlement to discovery at this late date; in fact, he appeared to admit that the material he now requests was available to his attorney at trial. Nor does FOIA otherwise expand the scope of discovery available in a criminal case. United States v. U.S. Dist. Ct., 717 F.2d 478, 480 (9th Cir. 1983). To the extent that Brooks's motions (e.g., his belated speedy-trial motion) attacked the basis of his federal conviction and sentence, he was required to proceed via 28 U.S.C. § 2255. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Finally, with regard to Brooks's requests for recusal, we see no reason why Judge Bartle should have recused himself. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). Finally, the District Court did not abuse its discretion in denying Brooks's motions for reconsideration. United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010).

In sum, "[b]ecause this appeal does not present a substantial question, we will summarily affirm the District Court's judgment." Murray v. Bledsoe, 650 F.3d 246, 2011

---

subject of a timely filed motion for reconsideration from which the appeal was timely taken. See Fed. R. Civ. P. 4(a)(4)(A).

WL 2279428, at *1 (3d Cir. June 10, 2011, No. 10-4397); <u>see also</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  To the extent that it requests independent relief, Brooks's "Motion to Appeal Court to Clarify Matters" is denied.