IN RE D.S.

**[Cite as *In re D.S.,* 136 Ohio St.3d 303, 2013-Ohio-3687.]**

*Appeal dismissed as having been improvidently accepted.*

(No. 2012-1041—Submitted May 7, 2013—Decided August 29, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 97757, 2012-Ohio-2213.

_____

{¶ 1} The cause is dismissed as having been improvidently accepted.

PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and O'DONNELL, J., dissent.

_____

**O'CONNOR, C.J., dissenting.**

{¶ 2} I dissent from the majority's decision to dismiss this appeal as having been improvidently accepted. The state's proposition of law presents a substantial question regarding the effect of a juvenile's failure to provide discovery on the calculation of speedy-trial time. I would address the merits of the appeal and hold that the statutory speedy-trial time is tolled when a juvenile prosecuted as a serious youthful offender ("SYO") fails to respond to the state's request for discovery. Accordingly, I would reverse the judgment of the court of appeals and remand the cause to the juvenile court for a reinstatement of the adjudication of delinquency and sentence.

**BACKGROUND**

{¶ 3} Appellee, D.S., was indicted on one count of murder, two counts of felonious assault, and two counts of attempted felonious assault in the Cuyahoga County Court of Common Pleas, Juvenile Division, case No. DL 09-119366. At the time of the offenses, D.S. was 15 years old.

**{¶ 4}** A complaint of delinquency had been filed by the Cuyahoga County prosecutor on October 20, 2009. At a hearing on October 28, 2009, D.S. denied the allegations in the complaint and was admitted to detention.

**{¶ 5}** On January 13, 2010, D.S. sought discovery from the state. On January 19, 2010, the state filed a request for reciprocal discovery. The state responded to D.S.'s discovery request on the same day and supplemented the response on January 27, 2010, and again on May 4, 2010. D.S. never responded to the state's January 19, 2010 discovery request.

**{¶ 6}** On May 4, 2010, after the juvenile court denied a motion to bind over the juvenile to common pleas court to be tried as an adult, the state filed a notice of intent to prosecute D.S. as a serious youthful offender. The grand jury returned the five-count SYO indictment on May 28, 2010. The juvenile court scheduled trial for August 16, 2010. At the time, no objection was raised as to the date of the trial.

**{¶ 7}** When the trial began, D.S. had not responded to the state's January 19, 2010 discovery request. The state neither informed the trial court of D.S.'s failure to provide discovery nor moved to compel discovery.

**{¶ 8}** D.S. was adjudicated delinquent as to all charges. The trial court imposed a juvenile disposition for murder and committed D.S. to the Department of Youth Services ("DYS") until his 21st birthday. The adult portion of his SYO sentence included a 15-years-to-life prison term with a consecutive three-year term for a firearm specification, a one-year prison term for each of two charges of attempted felonious assault with an additional and consecutive three-year term for a firearm specification on each charge of attempted felonious assault, and a two-year term for each of two felonious-assault charges, with an additional consecutive three-year term for a firearm specification on each charge. The prison terms on the counts of murder, attempted felonious assault, and felonious assault were ordered to be served concurrently.

**{¶ 9}** D.S. appealed the sentence to the Eighth District Court of Appeals. 8th Dist. Cuyahoga No. 95803, 2011-Ohio-5250. The appellate court held that there was no final, appealable order, because the juvenile court "did not dispose of all counts at the traditional juvenile adjudication level." *Id.* at ¶ 12. The appellate court held that the juvenile court's "juvenile disposition for murder did not cover D.S.'s four assault adjudications with firearm specifications, as they were not addressed in the dispositional hearing or journal entry." *Id.* at ¶ 11. Therefore, the court of appeals dismissed his appeal for lack of jurisdiction.

**{¶ 10}** Upon remand, the juvenile court ordered a juvenile disposition on each of the five counts. On the murder count, D.S. was ordered to be committed to DYS until his 21st birthday, with a concurrent year of commitment for the firearm specification. For each of the two felonious-assault counts, D.S. was ordered to serve a term of commitment of a minimum of 12 months and a maximum period not to exceed his 21st birthday. Each felonious-assault count also included a concurrent one-year commitment for a firearm specification. The juvenile dispositions for the two counts of attempted felonious assault merged with the felonious-assault terms of commitment.

**{¶ 11}** D.S. again sought review in the Eighth District and asserted that his right to a speedy trial had been violated. 8th Dist. Cuyahoga No. 97757, 2012-Ohio-2213. The state countered that D.S.'s speedy-trial time had been tolled as a result of his failure to respond to its discovery request. The Eighth District reversed the juvenile court's decision because it found that D.S.'s right to a speedy trial had been violated. In so doing, it concluded:

> To hold that 30 days count against D.S., for a motion he filed months before he even had a right to a speedy trial, after the state delayed for almost three months, and where there is no indication in the record that the state was delayed in its trial

preparations by D.S.'s lack of response, would be an injustice and not in keeping with the purposes of either speedy trial rights or discovery.

*Id.* at ¶ 37. The appellate court stated that it was reluctant to " 'reach back' to events that occurred prior to D.S.'s speedy trial rights even being implicated." *Id*. at ¶ 23.

{¶ 12} We accepted the state's discretionary appeal. 133 Ohio St.3d 1410, 2012-Ohio-4650, 975 N.E.2d 1029.

## ANALYSIS

### *Ohio's Criminal Rules and established case law mandate reciprocity in criminal discovery*

{¶ 13} The purpose of the criminal discovery rules is to "prevent surprise and the secreting of evidence favorable to one party." *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 18. The exchange of information in discovery helps achieve the purpose of the discovery rules: "to produce a fair trial." *Id.*

{¶ 14} Likewise, Juv.R. 1 mandates that the Juvenile Rules be interpreted and construed in a manner that ensures a fair hearing, enforces the constitutional rights of the parties, and secures a simple and uniform procedure. Juv.R. 1; *In re L.A.B.,* 121 Ohio St.3d 112, 2009-Ohio-354, 902 N.E.2d 471, ¶ 56. Prompt responses to discovery ensure a hearing not subject to surprise by either side.

{¶ 15} Juv.R. 24 governs discovery in the juvenile system and is modeled after the former Crim.R. 16(A).[1] That rule provides:

---

1. The previous version of Crim.R. 16(A) states, "Upon written request each party shall forthwith provide the discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided." 34 Ohio St.2d li.

> Upon written request, each party of whom discovery is requested shall, to the extent not privileged, produce promptly for inspection, copying, or photographing the following information, documents, and material in that party's custody, control, or possession.

Juv.R. 24(A).

{¶ 16} Given the mandate that juvenile courts must afford every juvenile fundamental due process, *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In re C.S.,* 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 76, it is imperative that we impose every reasonable safeguard that ensures a fair trial for the juvenile. One such safeguard includes not allowing parties to ignore discovery requests and requiring parties to promptly respond to discovery requests.

### *D.S. failed to respond to the state's request for discovery*

{¶ 17} This appeal illustrates why we have discovery obligations in the juvenile courts and why those obligations must be enforced.

{¶ 18} D.S. argues that in order for his lack of response to merit a tolling of his speedy-trial time, the state was obligated to serve another request for discovery under the Criminal Rules once the state sought the SYO dispositional sentence. This argument is unpersuasive.

{¶ 19} The fact that the state sought an SYO dispositional sentence is irrelevant because the state made its Juv.R. 24 request for discovery on January 19, 2010, many months prior to the state's notice of intent to seek an SYO sentence on May 4, 2010. The state was not required to make another request for discovery after it sought the SYO dispositional sentence. The state's notice of intent to seek an SYO disposition did not extinguish D.S.'s duty to respond to the state's January 19, 2010 discovery request. His duty to provide discovery

remained throughout the SYO proceedings. Because D.S. never provided the state with his discovery responses, he wholly failed to meet his duty.

{¶ 20} Further, at the time of the notice of intent to seek an SYO disposition, the state had already provided D.S. with its discovery and had twice supplemented its response. Therefore, the state met its obligation and should not be forced to bear the burden of making another request for discovery simply because it sought an SYO disposition.

{¶ 21} Moreover, D.S. continued to accept the state's supplemental discovery responses, even as late as May 4, 2010, the same date the state sought an SYO sentence. This shows that the parties, notably D.S., continued to operate under the discovery requests made pursuant to the Juvenile Rules, even on the date of the state's notice of intent to seek an SYO sentence. It seems disingenuous that D.S. now argues that his lack of response did not constitute a tolling event. D.S. should not be rewarded for his complete failure to meet his duty by never responding to the state's discovery request.

{¶ 22} The Eighth District's decision was based in part on the fact that the state did not file a motion to compel discovery when the state had been "presented with four on-the-record opportunities to seek the court's intervention in compelling D.S. to respond to its discovery requests, but never did." 2012-Ohio-2213, at ¶ 32. That analysis is specious because D.S.'s duty to respond to discovery was triggered on January 19, 2010, pursuant to Juv.R. 24. When a duty to respond to discovery is triggered, a party does not have to compel an opponent to hand over discovery. *See Lakewood v. Papadelis*, 32 Ohio St.3d 1, 4, 511 N.E.2d 1138 (1987) (holding that Crim.R. 16 "does not grant discretion to a party to ignore a request of an opposing party until a court orders compliance"). Thus, there is an expectation that parties will comply with their duty to respond to discovery requests irrespective of court intervention. Here, the state could have

moved to compel discovery. However, the state's failure to do so does not vitiate D.S.'s duty to respond to the state's January 19, 2010 discovery request.

### *Failure to respond to discovery tolls the speedy-trial time*

{¶ 23} A juvenile facing an SYO dispositional sentence is entitled to a speedy trial. R.C. 2152.13(C)(1). The right to a speedy trial is triggered by a set of specific occurrences under R.C. 2152.13(C)(1):

> Once a child is indicted, or charged by information or the juvenile court determines that the child is eligible for a serious youthful offender dispositional sentence, the child is entitled to an open and speedy trial by jury in juvenile court and to be provided with a transcript of the proceedings. The time within which the trial is to be held under Title XXIX of the Revised Code commences on whichever of the following dates is applicable:
>
> * * *
>
> (c) If the child is not charged by an original complaint that requests a serious youthful offender dispositional sentence, *on the date that the prosecuting attorney files the written notice of intent to seek a serious youthful offender dispositional sentence.*

(Emphasis added.)

{¶ 24} Here, the original complaint was filed on October 20, 2009. The notice of intent to seek an SYO disposition was filed on May 4, 2010, which triggered D.S.'s right to a speedy trial.

{¶ 25} R.C. 2945.71 sets forth the applicable speedy-trial times:

> (C) A person against whom a charge of felony is pending:
>
> * * *

(2) Shall be brought to trial within two hundred seventy days after the person's arrest.

R.C. 2945.71(E) provides:

For purposes of computing time under division[] * * * (C)(2) * * * of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days.

{¶ 26} Here, D.S. was charged with a felony, granting him a right to a speedy trial within 270 days of the date on which his right was triggered pursuant to R.C. 2945.71(C).  Additionally, D.S. was held in jail on the pending charges, so each day counted as three days.  R.C. 2945.71(E).  Therefore, he was guaranteed trial within 90 days of the date on which his speedy-trial right was triggered.  The state gave notice of intent to seek an SYO dispositional sentence on May 4, 2010, triggering D.S.'s right to a speedy trial within 90 days.  Therefore, his speedy-trial clock would have expired on August 2, 2010.

{¶ 27} D.S. was not brought to trial until August 16, 2010.  However, the required speedy-trial time can be extended for a number of reasons pursuant to R.C. 2945.72, which states:

The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
* * *
(D) Any period of delay occasioned by the neglect or improper act of the accused.

**{¶ 28}** In *Palmer*, we held that "a defendant's failure to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D)." *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, at ¶ 24. In that case, the defendant responded to the state's request for discovery after 60 days. We held that the defendant's "response clearly could have been prepared and served much earlier than 60 days after it was requested, and it was neglect * * * not to have done so." *Id.* at ¶ 23. Thus, "a defendant's failure to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time." *Id.* at ¶ 24. We also held in *Palmer* that "the tolling of statutory speedy-trial time based on a defendant's neglect in failing to respond within a reasonable time to a prosecution request for discovery is not dependent upon the filing of a motion to compel discovery by the prosecution." *Id*.

**{¶ 29}** The Eighth District held that D.S.'s speedy-trial right had been violated because no tolling resulted from the failure to respond to the state's request for discovery. 2012-Ohio-2213, at ¶ 23. The appellate court distinguished the present case from *Palmer* because the defendant in *Palmer* "responded, but untimely, whereas here, D.S. never responded at all." *Id.* at ¶ 32. This distinction defies logic. It is unreasonable to say that one party should have his speedy-trial time tolled because he responded late to a request for discovery but that another party who fails to respond at all should face no tolling.

**{¶ 30}** The Eighth District also based its decision in part on the fact that the request for discovery was made before D.S. had any right to a speedy trial and held that events that occur prior to the triggering of the speedy-trial clock should not toll it. 2012-Ohio-2213 at ¶ 23. The appellate court's reasoning is flawed because D.S. was required to respond to the state's Juv.R. 24 discovery request.

In fact, because of his failure to provide discovery to the state, D.S.'s speedy-trial clock had not even started to run at the time of trial. Therefore, his speedy-trial right was not violated when his trial occurred on August 16, 2010.

{¶ 31} The appellate court also held that D.S.'s speedy-trial clock should not be tolled because there was "no indication whatsoever in this record that the state was delayed in its trial preparation by D.S.'s failure to respond to its request for discovery." *Id.* at ¶ 36. Similarly, D.S. argues that there is no tolling of the speedy-trial clock, because the state was not harmed or delayed in its trial preparation because D.S. had no evidence to offer. This argument is unpersuasive, especially considering that the goal of discovery is to provide a fair trial based on full information. Therefore, the failure to respond to discovery is harmful in and of itself.

{¶ 32} Moreover, we have held that a lack of evidence does not release a party from his duty to respond to a request for discovery. In *Palmer*, the defendant satisfied his duty of reciprocal discovery when he "responded to the state's reciprocal discovery response * * * advising the state that he did not intend to introduce any tangible documents, exams, or tests at trial and that he did not have additional witnesses to disclose other than those previously identified by the state." *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 4.

{¶ 33} Like the defendant in *Palmer*, D.S. should have responded that he did not have any evidence to disclose. The court of appeals' decision allows a party to circumvent the duty of reciprocal discovery by later arguing that there was no harm to the opposing party because he did not have any evidence to disclose. The state should not be punished in a case in which the juvenile failed to provide any discovery or to notify the state of his intention to rely on the state's evidence. Failure to make any response, given the duty of reciprocal discovery, constitutes neglect and warrants the tolling of the speedy-trial time.

***The majority's decision to dismiss this appeal as having been improvidently accepted is inconsistent with this court's recent decision in* State v. Athon**

{¶ 34} The majority's decision to dismiss this appeal as having been improvidently accepted is especially troubling given our recent decision in *State v. Athon*, 136 Ohio St.3d 43, 2013-Ohio-1956, 989 N.E.2d 1006.

{¶ 35} In *Athon*, the defendant was charged with operating a motor vehicle while under the influence of alcohol, speeding, and driving without having reinstated a suspended driver's license. Athon asked his attorney to obtain evidence related to his arrest by making a request for public records to the Ohio State Highway Patrol, pursuant to Ohio's public-records law, R.C. 149.43.

{¶ 36} In addressing the propriety of using the public-records law instead of discovery in a criminal case, we turned to Crim.R. 16, which implements the principle of reciprocal discovery. The rule states:

> If the defendant serves a written demand for discovery or any other pleading seeking disclosure of evidence on the prosecuting attorney, a reciprocal duty of disclosure by the defendant arises without further demand by the state.

Crim.R. 16(H).

{¶ 37} Although Athon sought information through a public-records request and not under Crim.R. 16, we held that "[b]ecause Athon received evidence from the State Highway Patrol that could have been obtained from the prosecutor through discovery, he had a reciprocal duty to provide discovery to the state * * *." *Athon*, 136 Ohio St.3d 43, 2013-Ohio-1956, 989 N.E.2d 1006, at ¶ 3. "Circumventing the discovery process frustrates the purpose of Crim.R. 16, which is to regulate the fair exchange of information between parties to a criminal case." *Id*. at ¶ 2. Therefore, we held, "When an accused directly or indirectly makes a

public records request for information that could be obtained from the prosecutor through discovery, the request is the equivalent of a demand for discovery and triggers a duty to provide reciprocal discovery as contemplated by Crim.R. 16." *Id*. at ¶ 19. Although a public-records request is not discovery governed by Crim.R. 16, we held that such a request triggers a duty of reciprocal discovery like the duty in Crim.R. 16. *Id.* at ¶ 22. We thereby extended the duty of reciprocal discovery found in Crim.R. 16 to apply to requests for discoverable information made under public-records law. We refused to allow the defendant in that case to circumvent the rules of discovery because "when criminal defendants use public records requests to circumvent discovery rules, they act contrary to the public policy against gamesmanship and 'trial by ambush' and undermine the intent of * * * Crim.R. 16 to establish 'open discovery' in criminal cases." *Id*. at ¶ 11.

**{¶ 38}** But in the present case, the majority provides D.S. with that opportunity in direct contravention of our holding in *Athon*. A request for discovery under Juv.R. 24 is even more similar to a request under Crim.R. 16 than is a public-records request. Juv.R. 24 was modeled after former Crim.R. 16, and both seek to ensure that parties come to trial with adequate information.

**{¶ 39}** Consistent with this court's decision in *Athon*, a party should not be allowed to shirk his duty of responding to discovery when he has requested discovery from an opponent. And by dismissing the appeal, the majority allows D.S.—and other recalcitrant juveniles, including those charged with the most serious of juvenile offenses—to evade that duty. Therefore, I must dissent from the decision to dismiss the appeal as having been improperly accepted.

O'DONNELL, J., concurs in the foregoing opinion.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Kristen Sobieski, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Sheryl A. Trzaska, Assistant Public Defender, for appellee.

_____