[Cite as *State v. Reese*, 2025-Ohio-5494.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

LAMAR REESE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MA 0062

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2013 CR 00828 A

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro,* Mahoning County Prosecutor, *Atty. Kristie M. Weibling*, Assistant Mahoning County Prosecutor, for Plaintiff-Appellee and

*Lamar Reese*, pro se.

Dated: December 9, 2025

**Robb, P.J.**

{¶1} Appellant, Lamar Reese, appeals the trial court's May 28, 2025 judgment denying his motion for leave to file a motion for a new trial. He contends the trial court erred by finding he was not unavoidably prevented from discovering newly discovered evidence. For the following reasons, we affirm.

### Statement of the Case

{¶2} In April of 2014, a jury convicted Reese of aggravated murder in violation of R.C. 2903.01(B), aggravated robbery in violation of R.C. 2903.01(B), and two attendant firearm specifications. The trial court sentenced Reese to consecutive sentences of 20 years to life for aggravated murder, 10 years for aggravated robbery, and three years for the merged firearm specifications. The convictions stem from a September 2011 shooting.

{¶3} We affirmed his convictions on appeal. *State v. Reese*, 2016-Ohio-557 (7th Dist.). Reese subsequently pursued a motion to reopen his appeal and an application for reconsideration. He also petitioned for habeas corpus and sought additional DNA testing. Reese filed his motion seeking leave to file a motion for a new trial in April of 2025.

{¶4} In his motion, Reese contends he was unavoidably prevented from discovering additional evidence until March 20, 2025. Reese asserts he obtained the newly discovered testimony of Frankie Hudson Jr., which conflicts with Hudson's prior statements used during Reese's trial. Hudson and Reese were originally co-defendants and both charged with the aggravated murder of Joshua Davis until their cases were severed. (April 15, 2025 Motion.)

{¶5} Reese claims the newly discovered Hudson testimony shows Hudson testified during his own trial that Reese was "not in the driveway during or before the shooting." Reese contends an officer at the scene of the shooting also testified at Hudson's trial about where the shell casings were found. Thus, Reese claims this newly discovered evidence demonstrates Reese was not in the driveway and shots were not fired from the driveway, or by him. Reese claims this is contrary to the testimony of Aaron Triplett, which was presented at Reese's trial. Reese also relied on alleged statements of another alleged witness, who Reese claims testified during Hudson's trial, and

allegedly testified that Reese was not in the driveway at the time of the shooting. (April 15, 2025 Motion.)

{¶6} Reese attached his own affidavit in support, in which he recites the foregoing facts. Reese also attached part of Frankie Hudson's trial testimony, three handwritten letters purportedly written by Hudson, and a copy of a subpoena issued in Hudson's 2013 criminal case. (April 15, 2025 Motion.)

{¶7} Reese alleged he could not obtain the Hudson trial transcript any earlier because Reese only earns $12 a month while incarcerated and he was unable to obtain a free transcript of the trial. Reese averred this new and inconsistent evidence should be heard and will outweigh the evidence offered during his trial. Reese also alleged his filing of his motion for leave was delayed by the Wrongful Conviction Project's review of this same evidence on his behalf.

{¶8} Reese also filed a supplement to his motion for leave to file a motion for a new trial. Reese attached what he purports to be the trial testimony of Aaron Triplett given during Hudson's criminal trial conducted in the Mahoning County Court of Common Pleas to this supplemental filing. (April 22, 2025 Supplement.)

{¶9} In response, the state urged the court to find Reese failed to demonstrate by clear and convincing evidence that he was unavoidably prevented from obtaining the evidence offered in support of his motion for leave. The state urged the court, pursuant to Crim.R. 33(B), to overrule the motion without an evidentiary hearing. (May 16, 2025 Response.)

{¶10} The trial court held Reese failed to meet the applicable burden and did not demonstrate he had been unavoidably prevented from identifying newly discovered evidence warranting leave to file a motion for new trial. (May 28, 2025 Judgment.)

{¶11} Reese appeals the trial court's May 28, 2025 judgment, and raises one assignment of error.

### Denial of Leave to File a Motion for a New Trial

{¶12} Reese's sole assignment of error asserts:

"The trial court erred in denying Motion for Leave to file Motion for New Trial."

{¶13} We review a trial court's ruling on a motion for leave to file a motion for a new trial for an abuse of discretion. *State v. Barnette*, 2024-Ohio-2870, ¶ 19 (7th Dist.), citing *State v. Davis*, 2011-Ohio-5028, ¶ 37. The Ohio Supreme Court has defined an

abuse of discretion as "an unreasonable, arbitrary, or unconscionable use of discretion," or "a view or action that no conscientious judge could honestly have taken." (Citation omitted.) *State v. Brady*, 2008-Ohio-4493, ¶ 23.

**{¶14}** Crim.R. 33(B) prescribes time constraints on the filing of a motion for new trial. A motion for new trial must generally be filed within 14 days after the verdict. *Id.* "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived." Crim.R. 33(B). Reese's April 15, 2025 motion for leave was not filed within 120 days after the verdict was reached in his 2014 jury trial.

**{¶15}** However, if a defendant demonstrates by "clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period." *Id.*

**{¶16}** The permissible grounds for a motion for a new trial are set forth in Crim.R. 33(A). Absent a finding that Reese presented "clear and convincing proof that [he] was unavoidably prevented from the discovery of the evidence upon which he must rely," we need not address the underlying merits of his motion. *Id.*; *State v. Lordi*, 2002-Ohio-5517, ¶ 25 (7th Dist.). Because the trial court did not grant leave, it did not address the merits of the contemporaneously filed motion for new trial.

**{¶17}** As stated, Reese asserts he had no way of knowing the existence of the new evidence until reading the recently obtained transcripts from his co-defendant's 2015 jury trial. Reese claims he did not have access to the transcripts and had no particularized reason for the court to provide him with copies of the same. Reese asserts the public defender's office sent him copies of the transcripts on March 20, 2025. And pursuant to applicable case law, Reese claims he was not allowed free copies of his co-defendant's trial transcript. Thus, he contends he demonstrated he was "unavoidably prevented" from discovering the new evidence used to support his motion.

**{¶18}** He asserts he was incapable of knowing about the existence of this material evidence, which Reese claims shows he could not have been the individual who fired the

shots from the driveway. Reese alleges that had this evidence been presented at his trial, the result of the proceedings would have been different.

**{¶19}** The state raises two reasons supporting the trial court's decision. First, the state contends Reese failed to show via clear and convincing evidence he was unavoidably prevented from the timely discovery of the new evidence on which he now relies. The state asserts the testimony was given during Hudson's June 2015 jury trial. The state also asserts the letters Reese relies on were written by Hudson in September of 2020, July of 2021, and April of 2022. The state generally claims Reese had multiple avenues to secure the transcript on which he now relies, and as such, he has not shown he was unavoidably prevented from securing the same for more than a decade.

**{¶20}** Additionally, the state contends Reese is attempting to use evidence from Hudson's trial to impeach the credibility of witnesses who testified during Reese's trial. Citing the Ohio Supreme Court in *State v. Petro*, 148 Ohio St. 505, 508 (1947), the state urges us to find impeachment evidence of this nature cannot serve as grounds for a new trial. *Id*. The court in *Petro* emphasized:

> The new testimony proffered [in support of a motion for a new trial] must neither be impeaching nor cumulative in character. Were the rule otherwise, the defendant could often easily avail himself of a new trial upon the ground claimed. Unless the trial court or court of error, in view of the testimony presented to the court and jury, finds that there is a strong probability that the newly discovered evidence will result in a different verdict, a new trial should be refused.

*Id.*

**{¶21}** To meet the clear and convincing standard, the evidence offered by a defendant in support of his motion for leave must "produce in the mind of the trier of facts a firm belief or conviction" he was unavoidably prevented from discovering the facts sought to be established. *State v. Schiebel*, 55 Ohio St.3d 71, 74 (1990). A defendant is unavoidably prevented from filing a motion for a new trial if he "had no knowledge of the existence of the ground supporting the motion for a new trial <u>and</u> could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." (Emphasis added.) *Lordi* at ¶ 26, 29, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146 (10th Dist. 1984).

**{¶22}** Although Reese alleges in his motion and affidavit that he could not afford to purchase a copy of the trial transcript from Hudson's 2015 trial and a free copy was unavailable to him, Hudson was tried and convicted in 2015. Like Reese, Hudson appealed to this court, and the transcript on which Hudson relied in his appeal and the transcript on which Reese now seems to rely appear to be the same. *See State v. Hudson,* 2017-Ohio-645 (7th Dist.).

**{¶23}** Hudson's criminal trial court proceedings, including the trial transcript, generally constitute public records. R.C. 149.43. Ohio's Public Records Act requires the public office or "person responsible" for public records to make them available upon request. R.C. 149.43(B)(1); *State v. Athon*, 2013-Ohio-1956, ¶ 15. Upon request, such records can ordinarily be inspected or obtained from the clerk of court where the trial took place since the clerk of courts is the "person responsible" for the public records her office maintains. R.C. 2303.14.

**{¶24}** The fact that Reese was incarcerated and could not afford a copy of the transcript did not prevent him from having another individual review the same or copy the transcript during the ten years after Hudson's trial. Furthermore, the letters from Hudson attached to Reese's motion for leave—dated September of 2020, July of 2021, and April of 2022—demonstrate Reese had been communicating with Hudson for five years before Reese filed his motion. Hudson presumably had access to his trial court proceedings.

**{¶25}** More than ten years passed after Hudson's trial, and at least three years passed from the date of Hudson's most recent letter dated April of 2022. Accordingly, the trial court did not abuse its discretion by finding Reese failed to demonstrate by clear and convincing evidence that he could not have learned of the contents of Hudson's trial transcript within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence. Reese fails to show the trial court's decision in this regard was unreasonable, arbitrary, or unconscionable.

## Conclusion

**{¶26}** Reese's sole assigned error lacks merit. The trial court's judgment is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 25 MA 0062

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**